CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 29 2016

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD SHINE,<br>    Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:16-cv-00258 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| HAROLD W. CLARKE,<br>    Respondent. | ) <br> ) <br> ) | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Richard Shine, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge the judgment entered by the Circuit Court for the City of Lynchburg. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

**I.**

On August 28, 2013, the Circuit Court for the City of Lynchburg sentenced Shine to fourteen years' incarceration for two convictions of distributing cocaine. Shine's properly-filed appeal to the Court of Appeals of Virginia was denied on March 13, 2014. Appellate counsel did not properly perfect an appeal to the Supreme Court of Virginia. On January 8, 2015, Shine filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which denied the petition on July 6, 2015.

Shine filed the instant petition on May 22, 2016. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). The court conditionally filed the petition, advised Shine that the petition appeared to be untimely filed, and provided him the opportunity to explain why

the court should consider it timely filed. Shine explains in response that his appellate counsel was ineffective for failing to perfect the appeal to the Supreme Court of Virginia.

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] The applicable period for the instant petition began to run from the date on which the judgment of conviction became final.[2] 28 U.S.C. § 2244(d)(1)(A); see United States v. Clay, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Shine's § 2254 petition is untimely under § 2244(d)(1)(A). Shine's conviction became final in April 2014 when the time expired for Shine to note an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a) (stating an appeal

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). After allowing for the tolling of the period while the state habeas proceeding was pending, Shine was required to file his federal habeas petition by October 2015, but he did not file the petition until May 2016.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Shine's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented Shine from filing a timely petition after the Supreme Court of Virginia dismissed his habeas petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Shine filed his federal habeas petition more than one year after the judgment became final, Shine is not entitled to equitable tolling, and the petition must be dismissed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of

timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

## III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as time barred. Based upon the court's finding that Shine has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This ___ day of August, 2016.

/s/ Michael F. Urbanski
United States District Judge

4